**IN THE COURT OF APPEALS OF IOWA**
No. 17-0134
Filed April 5, 2017

**IN THE INTEREST OF E.H.,**
**Minor child,**

**M.H., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Dubuque County, Thomas J.
Straka, Associate Juvenile Judge.


        A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**


        Gina L. Kramer of Reynolds & Kenline, L.L.P., Dubuque, for appellant
mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

        Kathryn A. Duccini of Duccini Law Offices, Dubuque, guardian ad litem for
minor child.


        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2013. She does not challenge the grounds for termination. She contends (1) the juvenile court should have granted her an extension of time to work towards reunification and (2) termination was not in the child's best interests.

*I.*     *Extension of Time*

A court may decline to terminate parental rights and may continue a placement for an additional six months in the expectation that the need for the child's removal will no longer exist at the end of the extension period. *See* Iowa Code §§ 232.104(2)(b), 232.117(5) (2016). The juvenile court refused to grant the mother's request for this relief. On our de novo review, we agree with the court's decision.

The department of human services became involved with the family in March 2016, after the child tested positive for methamphetamine and cocaine. The department initiated safety services. The mother briefly participated in those services but declined to undergo drug testing.

In time, the mother was arrested and jailed on various charges. The child, who had lived with his great-grandparents since birth, remained in their home.

The State filed a child-in-need-of-assistance petition. The juvenile court entered an adjudicatory order placing custody of the child with the department for continued relative placement. The court afforded the mother visits with the child in the department's discretion.

The mother was released from jail at the end of May 2016. In the ensuing two months, she tested negative for drugs, attended group and individual therapy

sessions, obtained employment, and participated in visits, which were supervised by a service provider or by the great-grandparents. In light of her progress, the department recommended a thirty-day trial home placement and the mother moved into the great-grandparents' home.

The mother's progress was short-lived; she admitted to reconnecting with drug-using friends and relapsing on methamphetamine. The department gave her a second chance, allowing her to remain in the great-grandparents' home as long as she "move[d] forward with sobriety." Within two weeks, she tested positive and confirmed that she had used methamphetamine multiple times since her initial relapse.

The mother was informed she could no longer live in the great-grandparents' home. She moved out and landed in jail a second time. On her release, she entered a shelter, violated curfew rules, and was discharged from the facility.

The mother continued to test positive for methamphetamine. At the termination hearing, she admitted she had been in jail "[o]ff and on" for the previous seven months and was presently in jail again. Her pending criminal charges had yet to be finally resolved, she had not seen her child for more than a month, and she conceded the child could not be returned to her care at that time.

On this record, we conclude the juvenile court appropriately denied the mother's request for a ninety-day extension of time to work towards reunification.

## II.     *Parent-Child Bond*

The court may decline to terminate parental rights based on the parent-child bond. *See id.* § 232.116(3)(c). The juvenile court concluded "there was no

clear and convincing evidence that the termination would be detrimental to the child due to the closeness of the parent-child relationship to such an extent that termination should be avoided." On our de novo review, we agree with this assessment.

There is no question mother and child shared a bond. But there is also no question the child's safety would have been compromised had he been returned to her care. The mother appeared to appreciate this hard truth in conceding immediate reunification was not possible. Termination of her parental rights to the child was appropriate.

**AFFIRMED.**